09-CV-05240-ORD



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

BOEING EMPLOYEES' CREDIT UNION, a Washington corporation,

Plaintiff,

v.

P/C WHITE DAHLIA, Official Number 1192139, her engines, tackle, apparel, furniture and equipment, *In Rem*, and DENA M. BYERSDORF and "JOHN DOE" BYERSDORF, her husband, and their marital community, *In Personam*,

Defendants.

IN ADMIRALTY

NO. C09-5240 RJB

ORDER APPOINTING PUGLIA ENGINEERING, INC. SUBSTITUTE CUSTODIAN AND ORDER AUTHORIZING MOVEMENT OF VESSEL

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON:

Plaintiff, Boeing Employees' Credit Union, by and through its attorney of record, having made appearance and made the following recitals:

Order Appointing Puglia Engineering, Inc. Substitute Custodian and Order Authorizing Movement of Vessel 1

Law Office of
STAN LOOSMORE, P.S.
3011 One Union Square
600 University Street
Seattle, WA 98101
206 622-2400

1. On April 23, 2009, the Complaint herein was filed praying that the vessel P/C WHITE DAHLIA, Official Number 1192139, her engines, machinery, tackle and appurtenances, etc., be condemned and sold to pay plaintiff's claims and for other proper relief.

2. The Clerk of the Court has been authorized to issue a Warrant for Arrest commanding the United States Marshal for this District to arrest and take the defendant vessel into custody and to detain it in custody until further Order of this Court.

3. It is contemplated that the United States Marshal will seize the defendant vessel forthwith. Custody by the U. S. Marshal requires the services of one or more keepers at a charge of $250.00 or more per day for the keepers alone and not including charges for storage and the other services usually associated with safekeeping vessels similar to the defendant vessel.

4. It is believed that the defendant vessel is currently moored in Gig Harbor, Washington. After its arrest, the vessel will be towed to facilities satisfactory to Puglia Engineering, Inc. in Tacoma, Washington.

5. Plaintiff is agreeable to allow Puglia Engineering, Inc., through its president, Neil Turney, to assume the responsibility of safekeeping said vessel and Puglia Engineering, Inc., through its president, Neil Turney, has consented to act as her custodian until further Order of this Court. Fees and expenses to be charged by Puglia Engineering, Inc. will be substantially less than the cost of leaving the defendant vessel in the custody of the U. S. Marshal.

6. Neil Turney, president, Puglia Engineering, Inc., by declaration appended hereto and made a part hereof, avers that neither he nor Puglia Engineering, Inc. has any interest in the outcome of this lawsuit, can arrange for

Order Appointing Puglia Engineering, Inc. Substitute Custodian
and Order Authorizing Movement of Vessel 2

Law Office of
STAN LOOSMORE, P.S.
3011 One Union Square
600 University Street
Seattle, WA 98101
206 622-2400

adequate facilities and supervision for the proper safekeeping of the vessel, and has obtained liability insurance with policy limits of not less than $1,000,000.00 which is expected to be adequate to respond in damages for loss of or injury to the defendant vessel or for damages sustained by third parties due to any acts, faults or negligence of said Substitute Custodian. Further, in his declaration, Neil Turney, on behalf of Puglia Engineering, Inc., agrees to accept custody of the defendant vessel and its equipment which is the subject of the action herein, in accordance with the terms of this Order.

7. In consideration of the U. S. Marshal's consent to the appointment of Puglia Engineering, Inc., through its president, Neil Turney, as Substitute Custodian, plaintiff agrees to release the United States and the U. S. Marshal from any and all liability and responsibility arising out of the care and custody of the defendant vessel and its equipment, from the time the U. S. Marshal transfers custody of the vessel over to the Substitute Custodian, and plaintiff agrees to indemnify and hold the United States and the U. S. Marshal harmless from any and all claims whatsoever arising out of the Substitute Custodian's possession and safekeeping.

THEREFORE, IT IS ORDERED that the U. S. Marshal for the Western District of Washington be, and is authorized and directed, upon the seizure pursuant to the Warrant for Arrest of said defendant vessel, its engines, tackle, and all other necessaries thereunder appertaining and belonging, to surrender the custody thereof to Puglia Engineering, Inc., through its president, Neil Turney, as Substitute Custodian, and that upon such surrender the U. S. Marshal shall be discharged from all duties and responsibilities for the safekeeping of said vessel and held harmless from any and all claims arising out of said custodial services.

Order Appointing Puglia Engineering, Inc. Substitute Custodian
and Order Authorizing Movement of Vessel 3

Law Office of
STAN LOOSMORE, P.S.
3011 One Union Square
600 University Street
Seattle, WA 98101
206 622-2400

IT IS FURTHER ORDERED that the Substitute Custodian shall see to and be responsible for the safekeeping of the defendant vessel. Duties of the Substitute Custodian shall include, but are not limited to, ensuring that there is adequate, safe moorage for the defendant vessel. The Substitute Custodian is not required to have a person live on board the defendant vessel, but an officer or authorized agent of the Substitute Custodian shall go on board from time to time to carry out the duties of Substitute Custodian. No other person shall be allowed to enter on the defendant vessel except as provided for herein or as otherwise expressly authorized by Order of this Court.

IT IS FURTHER ORDERED that the defendant vessel may be moved by safe means from its present moorage to adequate, safe moorage at facilities in Tacoma, Washington. The Substitute Custodian shall notify the Office of the U. S. Marshal that the vessel is to be moved and shall again notify the Office of the U. S. Marshal when the vessel has been moved and is securely moored. Once the vessel has been moved and moored, the defendant vessel shall not be moved again or to any other facility without further Order of the Court.

IT IS FURTHER ORDERED that the Substitute Custodian, may, but is not required to, retain a marine engineer familiar with the vessel and take him on board the vessel with authorized agents of the Substitute Custodian to assist in the moving and securing of the vessel.

IT IS FURTHER ORDERED that the Substitute Custodian, may, but is not required to, remove those pieces of electronic equipment on board the vessel, if any, which may be easily removed without damage to the vessel, and that such removed electronic equipment shall be stored in a safe, secure storage pending further Order of this Court.

Order Appointing Puglia Engineering, Inc. Substitute Custodian
and Order Authorizing Movement of Vessel 4

Law Office of
STAN LOOSMORE, P.S.
3011 One Union Square
600 University Street
Seattle, WA 98101
206 623-2400

1    IT IS FURTHER ORDERED that the Substitute Custodian, may, but is not

2  required to, retain such services as are necessary to clean the interior and/or

3  exterior of the vessel, with such cleaning services to be performed under the

4  supervision of the Substitute Custodian.

5    IT IS FURTHER ORDERED that plaintiff shall arrange to pay charges for

6  towing and moorage of the vessel, shall pay the fees and costs of the Substitute

7  Custodian and shall reimburse the Substitute Custodian for costs incurred in

8  securing the vessel, in conducting the inventory of the equipment on board, and in

9  having the vessel cleaned.

10    IT IS FURTHER ORDERED that all authorized expenses, hereafter approved

11  by the Court, for securing and conducting the inventory of the vessel in an amount

12  not to exceed $400.00, for custody of the vessel and its equipment in an amount

13  not to exceed $400.00 per month, for charges for towing the vessel, in an amount

14  not to exceed $460.00, for moorage in an amount not to exceed $516.00 per month,

15  for insurance on the vessel in an amount not to exceed $500.00 plus $800.00 per

16  month for port risk hull insurance, and for charges of a locksmith, of a marine

17  engineer, for cleaning and securing the vessel and for storing electronic equipment,

18  which are incurred by the Substitute Custodian or plaintiff for the movement and

19  safekeeping of the defendant vessel and its equipment, shall be deemed

20  administrative expenses of the U. S. Marshal.

21    IT IS FURTHER ORDERED that plaintiff's attorney shall send a copy of this

22  Order to the owner of the defendant vessel by Certified Mail, Return Receipt

23  //

24  //

25  //

Order Appointing Puglia Engineering, Inc. Substitute Custodian
and Order Authorizing Movement of Vessel 5

Law Office of
STAN LOOSMORE, P.S.
3011 One Union Square
600 University Street
Seattle, WA 98101
206 622-2400

1 | Requested addressed to the last known address.

3 | DATED this 23rd day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE

8 | Presented By:

_____
Stan Loosmore, WSBA 6011
Attorney for Plaintiff

14 | Approved By:

_____
for U. S. Marshal
Western District of Washington

25 | 222-09007-5p

Order Appointing Puglia Engineering, Inc. Substitute Custodian
and Order Authorizing Movement of Vessel 6

Law Office of
STAN LOOSMORE, P.S.
3011 One Union Square
600 University Street
Seattle, WA 98101
206 622-2400

Requested addressed to the last known address.

DATED this 23rd day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE

Presented By:

_____
Stan Loosmore, WSBA 6011
Attorney for Plaintiff

Approved By:

_____
for U. S. Marshal
Western District of Washington

222-09007-8p

Order Appointing Puglia Engineering, Inc. Substitute Custodian
and Order Authorizing Movement of Vessel 6

Law Office of
STAN LOOSMORE, P.S.
3011 One Union Square
600 University Street
Seattle, WA 98101
206 622-2400